IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-176-TAV-DCP |
| | ) | |
| MATTHEW SCRUGGS, BRITNEY | ) | |
| BREWER, TORIN HOARD, ERIN | ) | |
| LAMARR, and BRENDAN ORTIZ, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court for a motion hearing on January 3, 2019, on Defendant Hoard's Motion to Continue Trial and Deadlines [Doc. 29], filed on December 5, 2018. Two codefendants subsequently moved to adopt Defendant Hoard's motion: Defendant Brewer [Doc. 30] and Defendant Ortiz [Doc. 37]. At the hearing, Defendant Scruggs and Defendant Lamarr orally moved to adopt Defendant Hoard's motion.

Assistant United States Attorney Cynthia Davidson appeared on behalf of the Government. The following defense counsel represented the Defendants: Attorney Rachel Wolf for Defendant Torin Hoard; Attorney Scott Saidak for Defendant Britney Brewer; Attorney Stephen McGrath for Defendant Brendan Ortiz; Assistant Federal Defender Jonathan Moffatt for Defendant Matthew Scruggs; and Attorney Kimberly Parton for Defendant Erin Lamarr. Defendants Hoard, Brewer, Ortiz, Scruggs, and Lamarr were also present.

1

The motion requests that the January 15, 2019 trial date be continued, and all other deadlines be extended, to allow defense counsel time to review discovery, confer with the Defendant, and prepare the case for trial. During the hearing, Attorney Wolf explained that she was still in the process of reviewing discovery in this case, as well as obtaining additional records regarding Defendant Hoard's criminal history. Further, Attorney Saidak explained that he was recently appointed to represent Defendant Brewer. Attorney McGrath stated that more time was needed to properly review the discovery filed, as he was appointed after the motion deadline. The Government stated it had no objection to a continuance. The parties then agreed on a new trial of June 18, 2019.

The Court finds the motion to continue to be well taken and unopposed by the Government. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Specifically, the Court finds that defense counsel need additional time to review discovery, to file and litigate pretrial motions, to interview witnesses, and to prepare the case for trial. Thus, the Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite the exercise of due diligence. *See* § 3161(h)(7)(B)(iv). Further, the Court notes the recent appointments of Attorney McGrath to represent Defendant Ortiz, Attorney Saidak to represent Defendant Brewer, and Assistant Federal Defender Moffatt to represent Defendant Scruggs.

Accordingly, Defendant Hoard's Motion to Continue [Doc. 29] is **GRANTED**. Additionally, Defendant Brewer's Motion to Adopt [Doc. 30] and Defendant Ortiz's Motion to Adopt [Doc. 37], as well as Defendant Scruggs's and Defendant Lamarr's oral motions to adopt, are **GRANTED**. The trial of this matter is reset to **June 18, 2019**. The Court also finds that all

2

the time between the filing of the instant motion on December 5, 2018, and the new trial date of June 18, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B).  With regard to further scheduling in this case, pretrial motions are due on or before **February 4, 2019**, with responses due by **February 18, 2019**.  The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **February 25, 2019, at 1:30 p.m.**  The deadline for conducting plea negotiations is **May 20, 2019**.  In addition, the Court instructs the parties that all motions *in limine* must be filed no later than **June 4, 2019**.  Finally, special requests for jury instructions shall be submitted to the District Court no later than **June 7, 2019** and shall be supported by citations to authority pursuant to Local Rule 7.4.  Furthermore, the parties are to appear before the undersigned for a pretrial conference on **June 10, 2019 at 1:30 p.m.**

Accordingly, it is **ORDERED**:

(1) Defendant Hoard's Motion to Continue Trial Date and Deadlines [**Doc. 29**] is **GRANTED**;

(2) Defendant Brewer's Motion to Adopt [**Doc. 30**] and Defendant Ortiz's Motion to Adopt [**Doc. 37**], as well as Defendant Scruggs's and Lamarr's oral motions to adopt, are **GRANTED**;

(3) The trial of this matter is reset to commence on **June 18, 2019, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(4) All time between the filing of the instant motion on **December 5, 2018**, and the new trial date of **June 18, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) Pretrial motions are due on or before **February 4, 2019**, and responses are due by **February 18, 2019**;

(6) The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **February 25, 2019, at 1:30 p.m.**;

3

(7) The parties have until **May 20, 2019**, to conclude plea negotiations;

(8) Motions *in limine* must be filed no later than **June 4, 2019**;

(9) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **June 7, 2019**; and

(10) The parties are to appear before the undersigned on **June 10, 2019, at 1:30 p.m.**, for a pretrial conference.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge